UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. CARROLL,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN COVELLO, et al.,<br><br>        Respondent. | No. 2:20-cv-1707 KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel. On August 26, 2020, petitioner filed a document styled, "Petition for Preliminary Injunctive Relief, Temporary Restraining Order, Writ of Habeas Corpus for Immediate/Accelerated Release (COVID-19), Appointment of Counsel." (ECF No. 1.) Petitioner states that he is vision, hearing and mobility impaired and suffers from medical issues, including sleep apnea, that require durable medical equipment, which prison officials are denying him. Further, plaintiff alleges that because he is black and at high risk due to his medical status, he is highly vulnerable to COVID-19. Petitioner seeks supervised release from prison.

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v. Galaza, 334

F.3d 850, 858-59 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Petitioner cannot obtain release from prison by filing a § 1983 action.  On the other hand, petitioner cannot obtain injunctive relief or damages for violations of his Eighth Amendment rights to adequate medical care for serious medical needs by filing a habeas petition.  Petitioner's petition is insufficient to be construed as a pleading, and invokes claims under both § 2254 and § 1983.

In order to commence a federal habeas action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required $5.00 filing fee or file an application requesting leave to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).  A petition for habeas corpus involves an attack on petitioner's conviction for which he is being held in custody, and petitioner must seek release from his conviction because of a violation of the Constitution of the United States, or in the rare case, a federal law, which applies to the state proceedings.  While the court may address ancillary matters to the petition, it is necessary that petitioner provide the basis for habeas jurisdiction in his petition.

In the alternative, in order to commence a federal civil rights action, petitioner must file a civil rights complaint under 42 U.S.C. § 1983, and petitioner must either pay the filing fee of $350.00 plus the $50.00 administrative fee, or file an application requesting leave to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Thus, if petitioner seeks to challenge the denial of durable medical equipment/breathing appliances as a violation of his Eighth Amendment right to medical care, or other challenges to the conditions of his confinement, he must file a civil rights complaint under 42 U.S.C. § 1983, after exhausting his available administrative remedies.

The court will not issue any orders granting or denying relief until an action has been properly commenced.  It is unclear whether petitioner is seeking compassionate release.  But for the purpose of preparing the petition, the court advises petitioner that a federal statute relating to

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

release of federal prisoners, i.e., persons convicted in federal court as opposed to state court, does not state a claim relating to a state court conviction.

Therefore, the "petition" is denied without prejudice.  Petitioner is provided the opportunity to file his habeas petition or civil rights complaint in this action, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.[2] Failure to comply with this order will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's August 26, 2020 petition (ECF No. 1) is denied without prejudice;

2. Within thirty days,[3] petitioner shall file in this action either a petition that complies with the requirements of the Rules Governing Section 2254 Cases, OR a civil rights complaint under 42 U.S.C. § 1983; such pleading shall comply with the Federal Rules of Civil Procedure, and the Local Rules of Practice, and must bear the docket number assigned this case.

3. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee.

4. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed.

////
////
////
////
////

---

[2]  Petitioner may pursue remedies under § 1983 and § 2254 at the same time, but not in the same lawsuit.  Therefore, the court is providing petitioner with both pleading forms, as well as two applications to proceed in forma pauperis.

[3]  By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015). Petitioner is advised that a one-year statute of limitations is applicable to all claims presented in a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one-year statute of limitations applied to each claim in a habeas petition on an individual basis).

5. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, the form for filing a civil rights complaint, and two applications to proceed in forma pauperis by a prisoner.

Dated: September 8, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carr1707.101a.cvd