1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TREMAYNE CARROLL,                         No.  2:20-cv-1707 KJN P

12                  Plaintiff,

13          v.                                 ORDER

14   WARDEN COVELLO, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se, and initially filed a petition for, *inter alia*,

18   writ of habeas corpus.  On September 8, 2020, the undersigned screening plaintiff's filing and

19   granted plaintiff leave to file either a petition for writ of habeas corpus, or a civil rights complaint.

20   In response, plaintiff filed an unsigned civil rights complaint.  (ECF No. 8.)  Plaintiff was granted

21   leave to correct such omission, and on September 28, 2020, filed a signed civil rights complaint

22   under 42 U.S.C. § 1983.[1]  Plaintiff also requested leave to proceed in forma pauperis pursuant to

23   28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

24   U.S.C. § 636(b)(1).

25          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

26   Accordingly, the request to proceed in forma pauperis is granted.

27   _____

28   [1]  The Clerk of the Court is directed to change the nature of suit code to 550, and strike plaintiff's
     unsigned civil rights complaint (ECF No. 8).

1       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

2 §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

3 accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

4 the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5 forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

6 of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

7 payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

8 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

9 § 1915(b)(2).

10 Screening Standards

11       The court is required to screen complaints brought by prisoners seeking relief against a

12 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

13 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

14 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

15 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

16       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

18 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

19 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

23 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

24 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

25 1227.

26       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

27 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

1   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

3   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

4   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

5   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

6   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

7   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

8   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

9   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

10  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

11  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

12  The Civil Rights Act

13      The Civil Rights Act under which this action was filed provides as follows:

14          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
15          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
16          law, suit in equity, or other proper proceeding for redress.

17  42 U.S.C. § 1983.  To state a civil rights claim under § 1983, a plaintiff must allege: (1) the

18  violation of a federal constitutional or statutory right; and (2) that the violation was committed by

19  a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

20  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

21  rights claim unless the facts establish the defendant's personal involvement in the constitutional

22  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

23  constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

24  Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the

25  theory that the official is liable for the unconstitutional conduct of his or her subordinates.

26  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

27      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28  their employees under a theory of respondeat superior and, therefore, when a named defendant

3

1    holds a supervisorial position, the causal link between him and the claimed constitutional

2    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

3    (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

4    438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

5    denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

6    official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

7    F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

8    participation is insufficient).

9    Discussion

10        Initially, the undersigned notes that plaintiff's complaint fails to clearly identify the

11   individuals he seeks to name as defendants.  In the caption of his complaint, he names

12   Warden Covello, Cpt. Hientschel, Ralph Diaz, Secretary of CDCR, State of California, CDCR,

13   Correctional Officer Arrellanos, and Lt. Alvis.  (ECF No. 14 at 1.)  However, in the defendants'

14   section of his pleading, plaintiff names Warden Covello, Ralph Diaz, CDCR John Doe 1-20, and

15   State of California John Doe.  (ECF No. 14 at 2.)

16        In his three causes of action, plaintiff fails to clearly set forth charging allegations as to

17   each named defendant, but rather recites a laundry list of historical events, including his

18   allegation that he is a federal witness represented by counsel in Armstrong v. Newsom, for which

19   he has suffered retaliation.  (ECF No. 14 at 3-5.)  For example, he claims he has been

20   continuously put in jeopardy by CDCR staff by falsely providing inmates doctored documents

21   labeling him as a predator and snitch in retaliation for plaintiff reporting he was the victim of

22   employee sexual misconduct.  (ECF No. 14 at 14.)  In his third claim, he alleges staff members at

23   MCSP, RJD, KVSP, HDSP, SVSP, CHCF, CMF, CIM, and CDCR are all spreading false

24   documents about plaintiff making it unsafe for plaintiff to be housed anywhere in CDCR, and

25   CDCR is discriminating against petitioner for ADA disabilities and manipulating his medical and

26   mental health central files to deny plaintiff parole and treatment.

27        The court finds such wide-ranging allegations in plaintiff's complaint so vague and

28   conclusory that it is unable to determine whether the current action is frivolous or fails to state a

1    claim for relief.  The court has determined that the complaint does not contain a short and plain

2    statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

3    pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

4    succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

5    allege with at least some degree of particularity overt acts which each defendant engaged in that

6    support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

7    R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

8    an amended complaint.

9    Leave to Amend

10       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

12   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

13   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

14   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

15   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

16   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

17   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

18   268 (9th Cir. 1982).

19       A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ.

20   P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief

21   is asserted against them jointly, severally, or in the alternative with respect to or arising out of the

22   same transaction, occurrence, or series of transactions and occurrences" and "any question of law

23   or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated

24   claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,

25   507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a

26   multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

27   required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous

28   ////

1   suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.

2   § 1915(g)." George, 507 F.3d at 607.

3          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

4   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

5   heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

6   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

7   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

8   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

9   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

10  eliminate from plaintiff's pleading all preambles, introductions, argument, speeches,

11  explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

12  summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming

13  dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton,

14  523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil

15  Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read

16  and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1177.  A rambling

17  pleading, including many defendants with unexplained, tenuous or implausible connection to the

18  alleged constitutional injury or joining a series of unrelated claims against many defendants very

19  likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

20  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

21          Also, plaintiff is informed that the court cannot refer to a prior pleading in order to make

22  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

23  complete in itself without reference to any prior pleading.  This requirement exists because, as a

24  general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of

25  San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the

26  original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once

27  plaintiff files an amended complaint, the original pleading no longer serves any function in the

28  ////

1    case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

2    involvement of each defendant must be sufficiently alleged.

3    Plaintiff's September 23, 2020 Filing

4         Finally, on September 23, 2020, plaintiff filed an objection to the court's order denying

5    appointment of counsel and asked the court to reconsider.  (ECF No. 13.)  Plaintiff complains that

6    he has been placed on multiple quarantines due to the Covid-19 pandemic, and raises different

7    allegations from those set forth in his civil rights complaint against individuals not named as

8    defendants in such pleading.

9         District courts lack authority to require counsel to represent indigent prisoners in section

10   1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

11   circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

12   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

13   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

14   circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

15   well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

16   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

17   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

18   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

19   legal education and limited law library access, do not establish exceptional circumstances that

20   warrant a request for voluntary assistance of counsel.

21        In light of this screening order, there is no operative civil rights complaint on file.  The

22   court is therefore unable to evaluate whether plaintiff is likely to succeed on the merits.  Having

23   considered the factors under Palmer at this stage of the proceedings, the court finds that plaintiff

24   has failed to meet his burden of demonstrating exceptional circumstances warranting the

25   appointment of counsel at this time.

26        Although plaintiff also styled such filing as a petition for preliminary injunctive relief,

27   temporary restraining order, and motion to compel (ECF No. 13 at 1), plaintiff makes no effort to

28   ////

1   allege facts meeting the standards required in this Circuit,[2] but rather complains about various

2   unrelated incidents and again fails to connect a specific violation to an individual named as a

3   defendant.  Plaintiff's allegations are insufficient to support a claim for injunctive relief.

4         In accordance with the above, IT IS HEREBY ORDERED that:

5         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

7   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

8   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

9   Director of the California Department of Corrections and Rehabilitation filed concurrently

10  herewith.

11        3.  Plaintiff's complaint (ECF No. 14) is dismissed.

12        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

13  Notice of Amendment and submit the following documents to the court:

14        a.  The completed Notice of Amendment; and

15        b.  An original and one copy of the Amended Complaint.

16  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

17  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

18  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

19

20  [2]  In order to prevail on a motion for injunctive relief, the moving party must demonstrate that (1)
it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of
21  preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in
the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The Ninth
22  Circuit has held that injunctive relief may issue, even if the moving party cannot show a
likelihood of success on the merits, if "'serious questions going to the merits' and a balance of
23  hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,
24  so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,
25  1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief
should be denied if the probability of success on the merits is low.  Johnson v. California State
26  Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips
27  decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is
a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670,
28  675 (9th Cir. 1984))).

1    Failure to file an amended complaint in accordance with this order may result in the

2  dismissal of this action.

3        6.  Plaintiff's September 23, 2020 motion (ECF No 13) is denied without prejudice.

4        7.  The Clerk of the Court is directed to change the nature of suit code to 550, and to strike

5  plaintiff's unsigned pleading (ECF No. 8).

6  Dated:  December 11, 2020

7

8  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

9  /arr1707.14n

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   T. CARROLL,                                    No.  2:20-cv-1707 KJN P

                    Plaintiff,
12

13         v.                                        NOTICE OF AMENDMENT

     WARDEN COVELLO, et al.,
14

                    Defendant.
15

16

17         Plaintiff hereby submits the following document in compliance with the court's order

     filed_____.
18

19   DATED:         _____        Amended Complaint

20

21                                         _____

                                           Plaintiff
22

23

24

25

26

27

28