UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>              Plaintiff,<br><br>       v.<br><br>WARDEN COVELLO, et al.,<br><br>              Defendants. | No.  2:20-cv-1707 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On December 14, 2020, plaintiff's complaint was dismissed and he was granted thirty days in which to file an amended complaint.  On December 17, 2020, plaintiff filed a document styled, "Petition for Preliminary Injunctive Relief, Temporary Restraining Order, Appointment of Counsel."  (ECF No. 19.)

I. Motion for Injunctive Relief

   A. Governing Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller

hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See Beaty v. Brewer, 649 F.3d 1071, 1076 (9th Cir. 2011) (affirming district court's denial of the motion for a temporary restraining order or preliminary injunction by discussing either as under the same standard for issuing preliminary injunctive relief); see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted).

The moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no

power to hear the matter in question.  Id.  Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  Finally, the pendency of an action does not give the court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009).  The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491-93.

   B.  Discussion

Plaintiff's motion is deficient in several ways.  First, he raises allegations concerning incidents that took place at RJ Donovan State Prison.  However, plaintiff is presently housed at Mule Creek State Prison.  Plaintiff is advised that to the extent he is attempting to raise claims based on incidents that occurred at RJ Donovan, he must pursue such claims in the U.S. District Court for the Southern District of California.  As explained in the December 14, 2020 screening order, unrelated claims against unrelated defendants must be brought in separate actions.  (ECF No. 16 at 5-6.)

Second, plaintiff raises allegations concerning an inmate Grubbs.  But plaintiff does not have standing to raise claims on behalf of others.[1]  Rather, plaintiff may only raise claims concerning violation of his own rights, not the rights of others.

Third, plaintiff raises allegations concerning alleged criminal conduct at both RJ Donovan and at Mule Creek State Prison.  He claims that staff members are directing stronger inmates to pressure weaker inmates out of their true names/Social Security numbers and dates of birth in order to defraud the government out of funds.  (ECF No. 19 at 1-2.)  However, criminal statutes

---

[1] "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'"  Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014).  "To establish Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Town of Chester v. Laroe Estates, Inc., 137 S. Ct. 1645, 1650 (2017) (internal quotation marks omitted) (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016)).  "The party invoking federal jurisdiction bears the burden of establishing 'standing.'"  Susan B. Anthony List, 134 S. Ct. at 2342; see also Hollingsworth, 570 U.S. at 715.

do not give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  A private right of action under a criminal statute has rarely been implied.  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).

Fourth, plaintiff states that, allegedly in retaliation, the Board of Parole Hearings changed his "9/18/20 (12/31/20 deadline) until next year in order to stack RVR's against him." (ECF No. 19 at 3.)  Plaintiff provided no additional facts.  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff's conclusory statement is insufficient to state a cognizable retaliation claim.  Furthermore, it is unclear when the Board took such alleged retaliatory action.  But plaintiff filed this action on August 26, 2020.  Plaintiff is cautioned that he was required to exhaust his administrative remedies prior to bringing his suit in federal court.  Regardless of the relief sought, a prisoner must exhaust administrative remedies before filing in federal court.  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S. Ct. 1850, 1857, 1859 (2016) (holding that district courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to take into account "special" circumstances.).

Fifth, plaintiff seeks federal witness protection and/or conditional release.  (ECF No. 19 at 4.)  As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  In other words, plaintiff cannot obtain release from prison by filing a § 1983 action.

Finally, because plaintiff does not yet have an operative pleading on file, he fails to demonstrate that he is likely to succeed on the merits.  Plaintiff has failed to address all of the elements required to support a motion for such relief.  In addition, the court is unable to determine

4

whether the injunctive relief plaintiff seeks is connected to cognizable civil rights claims and therefore would remedy the purported constitutional violations plaintiff intends to challenge in this action.  See, e.g., Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

For all of these reasons, plaintiff's motion is denied without prejudice.

II. Motion for Counsel

Plaintiff's motion was signed on December 10, 2020, prior to the court's December 14, 2020 order screening plaintiff's complaint and denying his prior request for appointment of counsel.  Plaintiff's renewed request for counsel is denied for the same reasons set forth in the December 14, 2020 order.  (ECF No. 16 at 7-8.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for injunctive relief (ECF No. 19) is denied without prejudice; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 19) is denied without prejudice.

Dated:  December 28, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carr1707.tro2